United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | |
| | § | |
| Luis De Leon-Perez, | § | |
| Nervis G. Villalobos-Cardenas, | § | |
| Cesar Rincon-Godoy, | § | Criminal Action No. H-17-0514 |
| Alejandro Isturiz-Chiesa, | § | |
| Rafael Ernesto Reiter-Munoz, | § | |
| Javier Alvarado-Ochoa, | § | |
| Daisy T. Rafoi Bleuler, & | § | |
| Paulo J.D.C. Casquiero-Murta | § | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

Pending before the court are (1) Defendant Javier Alvarado-Ochoa's (Alvarado) Supplement to Motion to Dismiss and Request for Order Directing Government to Respond (Request), ECF No. 371, (2) Defendant Nervis Gerardo Villalobos-Cardenas's (Villalobos) Motion for Reconsideration on the Court's Denial of Defendant's Motion for Discovery, ECF No. 582, and (3) Alvarado's Motion for Reconsideration and, in the alternative, for Certification of Interlocutory Appeal, ECF No. 620. The motions have been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF Nos. 676, 677, 678.

Defendant Javier Alvarado-Ochoa's Supplement to Motion to Dismiss and Request for Order Directing Government to Respond, ECF No. 371, is **DENIED as moot**. Defendant Nervis Gerardo Villalobos-Cardenas's Motion for Reconsideration, ECF No. 582, is **DENIED**. The court recommends that Defendant Javier Alvarado-Ochoa's Motion for Reconsideration, ECF No. 620, be **DENIED**.

### *1. Background Facts and Procedural Posture*

This case is one of several criminal cases in the Southern District of Texas that pertain to the U.S. government's investigation into bribery involving the Venezuelan national oil company, Petroleos de Venezuela S.A. (PDVSA). *See* ECF No. 542 (citing *United States v. Rincon Fernandez*, No. 15-0654 (S.D. Tex. Dec. 10, 2015)). As a result of its investigation, in February 2020, the government announced that it had charged twenty-six individuals, twenty of whom had already pleaded guilty. DEP'T. OF JUST., *Press Release: Texas Businessman Sentenced to 70 Months in Prison for Role in Venezuela Bribery Scheme and Obstruction of Justice* (Feb. 19, 2020). In this case alone, there are seven named defendants. Three have pleaded guilty.

This case has been pending for more than eight years. It has a lengthy procedural history. Portions of the case have been assigned to four different district judges and have been considered, and re-considered, by the Fifth Circuit on four occasions. ECF Nos. 383, 385, 555, 581, 624, 670–74; Dkt. Entries dated 8/23/2017, 11/28/2023. The detailed history surrounding this specific case and the broader alleged bribery scheme are more fully described in prior opinions of the district court and the Fifth Circuit. *See, e.g.*, Judge Hoyt's Mem. & Order, ECF No. 542; *United States v. Rafoi*, 60 F.4th 982, 993 (5th Cir. 2023); *United States v. Murta*, No. 23-20276, 2024 WL 64764 (5th Cir. Jan. 5, 2024).

This Memorandum and Recommendation focuses on the two defendants who have motions pending before the court—Javier Alvarado-Ochoa and Nervis Gerardo Villalobos-Cardenas. Villalobos is the former Venezuelan Vice Minister of Energy. ECF No. 698 at 2. He was originally charged in a 20-count Indictment filed in August 2017. ECF No. 1. Alvarado is the former President of PDVSA's subsidiary, Bariven, S.A., which served as PDVSA's agent in purchasing goods and services. ECF Nos. 129 at 5, 363

at 11. Alvarado was added as a defendant through the Superseding Indictment filed in April 2019. ECF No. 129.

According to the Superseding Indictment, from 2011 to 2013, Alvarado, Villalobos, and their alleged co-defendants solicited bribes and kickbacks from PDVSA vendors in exchange for helping those vendors obtain contracts and receive payment priority from PDVSA. ECF No. 129 ¶ 4. The defendants are alleged to have laundered the proceeds of their bribery scheme through numerous financial transactions, using international wire transfers and "a variety of bank accounts in the United States (including the Southern District of Texas)." *Id.* ¶¶ 5, 84. Alvarado and Villalobos were charged with various counts of money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. Sections 1956(h), 1956(a)(1)(B)(i), and 2. *Id.* Villalobos was also charged with conspiracy to violate the Foreign Corrupt Practices Act (FCPA), under 18 U.S.C. Section 371. *Id.*

To date, neither Alvarado nor Villalobos has appeared before this court. According to the government, both men are living in Spain, which has been unwilling to extradite them to the United States. ECF Nos. 697 at 2, 698 at 3.

On December 4, 2023, Chief Judge Randy Crane held a status conference for each of the defendants. Dkt. Entry dated 12/4/2023. During the hearing, counsel advised that Villalobos had been arrested in Spain and was being investigated there in a "substantially parallel" case, centered on the same facts. *Id.*; ECF No. 363 at 13–14. In 2025, while Villalobos was the subject of ongoing investigations in Spain, he sought and obtained Spanish citizenship. ECF No. 698 at 3.

During his December 2023 status conference, Alvarado's counsel advised that Alvarado had been arrested in Spain on the charges in this case and was awaiting extradition to the United States. Dkt. Entry dated 12/4/2023. However, during a co-

defendant's sentencing hearing, the government explained that Alvarado "is now a Spanish citizen and has been able to avoid extradition . . . because, apparently, the Spanish [government] do[es] not extradite its own citizens." ECF No. 664 at 9:9-12. Alvarado admitted to being a dual citizen of Spain and Venezuela. ECF No. 620 at 14–15. He stated that "Spain's highest criminal court expressly refused the Government's assertion of extraterritorial jurisdiction over Alvardo." *Id.* at 48. He also asserted that he is "under criminal investigation in Spain in a court-instructed proceeding where Spain is one of the accusing parties." *Id.* at 49.

### *2. Reconsideration Legal Standard and Analysis*

Villalobos and Alvarado have each filed a motion for reconsideration. "Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions." *United States v. CITGO Petroleum Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012) (citing *United States v. Scott,* 524 F.2d 465, 467 (5th Cir. 1975)). "Absent specific guidance from the Federal Rules of Criminal Procedure, courts should apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration." *Id.* (citing *United States v. Rollins,* 607 F.3d 500, 502 (7th Cir. 2010) ("[T]he Supreme Court . . . ha[s] concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.")). In other words, a motion for reconsideration, even in the criminal context, is either treated as a motion to alter or amend the judgment under Rule 59(e) or as a motion seeking relief from judgment or order under Rule 60. *United States v. Cross*, Criminal Action No. 22-184, 2024 WL 2188517, at *1 (E.D. La. May 15, 2024).

Rule 54(b) provides that interlocutory orders—which "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties"—may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Rule "permits the district court to reconsider and reverse its decision for any reason it deems sufficient." *Ryan v. Phillips 66*, 838 F. App'x 832, 836 (5th Cir. 2020) (quoting *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018)) (citation modified). Courts have discretion to decide whether to grant a motion for reconsideration of an interlocutory order, such as those under consideration here. *Deeds v. Whirlpool Corp.*, No. H-15-2208, 2017 WL 3437772, at *10 (S.D. Tex. Aug. 10, 2017), *aff'd*, 764 F. App'x 407 (5th Cir. 2019). "However, the discretion to modify an interlocutory order does not eliminate the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time." *United States v. Mouton*, No. 20-cr-0501, 2024 WL 1545178, at *1 (S.D. Tex. Apr. 8, 2024) (citation modified).

Although motions to reconsider under Rule 54(b) are more leniently considered than motions to amend under Rule 59(e), "the Rule 59(e) factors offer guidance." *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 617 (S.D. Tex. 2019). Essentially, a prior ruling should be reconsidered only "when the moving party has presented substantial reasons for reconsideration." *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. 07-CA-982, 2009 WL 10670098, at *2 (W.D. Tex. Feb. 20, 2009) (citation modified). Rule 54(b) "may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered." *Washington ex rel. J.W.*, 403 F. Supp. 3d at 617 (citing 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed.)). "[T]he

movant must (1) show that its motion is necessary to correct a manifest error of law or fact, (2) present newly discovered or previously unavailable evidence, (3) show that its motion is necessary to prevent manifest injustice, or (4) show that its motion is justified by an intervening change in the controlling law." *Id.* (citing *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008)).

Also relevant is the principle of judicial comity. "[W]hen a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *Perforaciones Maritimas Mexicanas S.A. de C.V. v. Seacor Holdings, Inc.*, No. 05- 0419, 2008 WL 7627805, at *1 (S.D. Tex. May 1, 2008) (quoting *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983)). "A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge. But until final judgment or decree there is no lack of power, and occasionally the power *may* properly be exercised." *Loumar*, 698 F.2d at 762 (emphasis added).

***3. Villalobos's Motion for Reconsideration***

Villalobos's Motion for Reconsideration, ECF No. 582, asks the court to reconsider Chief Judge Crane's denial of his Motion for Discovery, ECF No. 532. Through his Motion for Discovery, despite having never appeared before this court, Villalobos sought to obtain discovery from the government. ECF No. 532. He argued that he needed the requested discovery to aid him in drafting his motion to dismiss and in preparing for trial in the United States. *Id.* The government opposed the motion, arguing that Villalobos was not entitled to discovery prior to his initial appearance. ECF No. 552 at 1. The government noted that before Villalobos filed his discovery motion, the government had given two of Villalobos's co-defendants a copy of the same discovery that Villalobos sought. *Id.*

However, the government distinguished Villalobos from those co-defendants, who had already appeared and been arraigned in the Southern District of Texas. *Id.* at 9. The government noted that Judge Hoyt had earlier determined that the discovery at issue contained "confidential and law-enforcement-sensitive information." *Id.* As a result of that determination, Judge Hoyt issued protective orders to guard against improper disclosure of the relevant discovery by Villalobos's co-defendants. *Id.* The government asserted that "[a] protective order is not yet an option for Villalobos, since he is outside the United States and has never subjected himself to the jurisdiction of this Court." *Id.*

Chief Judge Crane denied Villalobos's Motion for Discovery without written opinion. *See* Dkt. Entry dated 12/4/2023. According to Villalobos, the motion was denied "mainly because [Villalobos] is not in custody," and he "has not been arraigned." ECF No. 582 at 2. Villalobos now seeks reconsideration of Chief Judge Crane's denial of his request for discovery. *Id.*

Villalobos argues that he is entitled to "full discovery" because he "is not a fugitive," and he and his counsel "are willing and able to enter into a protective order." ECF No. 582 at 2, 3. Villalobos's arguments are nothing more than a rehashing of the arguments and evidence that were already before Chief Judge Crane. He has not presented substantial reasons for reconsideration.

Villalobos has not cited any newly discovered evidence. His status did not change in the time between filing the initial discovery motion and his request for reconsideration. *Compare* ECF No. 532 at 2 ("[T]he Government is withholding full Rule 16 discovery and all *Brady* and *Giglio* [material] until Spain sends Mr. Villalobos to Houston. However, it is uncertain when Mr. Villalobos will be sent to Houston."), *with* ECF No. 582 at 4 (copying and restating the same). Now, more than two and a half

years after filing his request for consideration, his status has not changed. ECF No. 328 at 1 ("Defendant, who is currently in Spain—where he is awaiting extradition to the United States and facing multiple criminal investigations—is seeking reconsideration of the Court's previous order denying his motion for discovery."). Villalobos does not suggest that fraud has occurred or that there has been any change in controlling law. Moreover, Villalobos's willingness to enter into a protective order is not new. *Compare* ECF No. 553 at 3 ("A protective order can easily be fashioned that would allow the disclosure of discovery . . . ."), *with* ECF No. 582 at 3 ("Villalobos and his counsel are willing and able to enter into a protective order concerning discovery.").

Other than his disagreement with Chief Judge Crane's rulings and characterizations, Villalobos offers no reason that would justify relief from the decision to deny his Motion for Discovery. Accordingly, Villalobos's Motion for Reconsideration, ECF No. 582, is **DENIED**.

***4. Alvarado's Motion for Reconsideration***

Alvarado's Request, ECF No. 371, and Motion for Reconsideration, ECF No. 620, pertain to Judge Hoyt's denial of Alvarado's Motion to Dismiss, ECF No. 363. Approximately three months after filing his Motion to Dismiss, Alvarado filed his Request, in which he asked the court to order the government to respond to his motion to dismiss on an expedited basis. ECF No. 371. Judge Hoyt ordered the government to respond to Alvarado's Request—but not to the motion to dismiss. ECF No. 373. In response, the government asserted that it should not be required to respond to Alvarado's Motion to Dismiss until "after the Fifth Circuit rules on the very issues presented in [the] motion (which was recently argued before the Fifth Circuit in two codefendant cases) . . . ." ECF No. 374 at 1 (referring, apparently,

to the then-pending appeal of Alvarado's co-defendants in *United States v. Rafoi*, 60 F.4th 982, 993 (5th Cir. 2023)). The government responded to Alvarado's Motion to Dismiss about three months later. ECF No. 393.

Because Judge Hoyt did not rule on Alvarado's Request, it remains pending. However, it is now moot. The government ultimately responded to, and Judge Hoyt ruled upon, Alvarado's Motion to Dismiss. Accordingly, Alvarado's Request, ECF No. 371, is **DENIED as moot**.

In a single order in October 2023, Judge Hoyt denied Alvarado's and Villalobos's motions to dismiss. ECF No. 542. The two motions relied on similar arguments, which, Judge Hoyt reasoned, were foreclosed by the Fifth Circuit's decision in their co-defendants' consolidated case, *Rafoi*. *Id.* at 5–6.

In *Rafoi*, the Fifth Circuit reversed Judge Hoyt's dismissal of the charges against the co-defendants. 60 F.4th at 991. The Court concluded that Judge Hoyt erred in concluding that the FCPA and money-laundering statutes did not apply extraterritorially to the defendants. *Id.* at 992. The Court explained that the indictment charged the co-defendants with a crime described in Title 18, which was sufficient to establish the subject-matter jurisdiction of the federal courts. *Id.* The Court also held that the indictment sufficiently alleged that the co-defendants "engaged in conduct that occurred in part in the Southern District of Texas[,] satisfy[ing] the money-laundering statute's extraterritorial provision." *Id.* at 999. Additionally, of relevance here, while the Court made findings related to the FCPA charges, it did not decide whether "an individual who falls outside of the actors enumerated in the FCPA can be held liable as a conspirator under a secondary-liability theory." *Id.* at 996 n.6.

Villalobos did not challenge Judge Hoyt's denial of his motion to dismiss. Alvarado, however, filed a Motion for Reconsideration. ECF No. 620. Alvarado challenges Judge Hoyt's denial of his Motion to Dismiss. *Id.* The government opposes Alvarado's Motion. ECF No. 697.

In his Motion for Reconsideration, Alvarado asserts that Judge Hoyt erred in finding that Alvarado's arguments were foreclosed by the Fifth Circuit's decision in *Rafoi*. ECF No. 620 at 13–14. Alvarado focuses his Motion for Reconsideration on two primary arguments, which according to him, warrant dismissal of the charges. His first argument is that because the FCPA does not apply to him, as a "foreign officer," the money laundering charges against him must be dismissed. *Id.* at 15–35. His second argument is that the principles of international comity warrant dismissal of the charges against him. *Id.* at 39–60. The court addresses each argument in turn.

### *A. The FCPA, Money Laundering, and Extraterritorial Jurisdiction*

Alvarado centers much of his briefing around his contention that the FCPA does not apply to him.[1] In the Superseding Indictment, the government alleged that Alvarado was a "foreign official" as defined in the FCPA. ECF No. 129 ¶ 10 (citing 15 U.S.C. § 78dd-2(h)(2)(A)). Alvarado argues that as a foreign official, he cannot be prosecuted under the FCPA. He points to the Foreign Extortion Prevention Act (FEPA)—which Congress enacted "mere weeks" after Judge Hoyt denied Alvarado's motion to dismiss—as evidence that that the FCPA is not intended to "reach foreign officials who demand or accept bribes." ECF No. 700 at 1. According to Alvarado, it follows that the money-laundering

[1] The court need not, and does not, decide whether Alvarado could be prosecuted under the FCPA.

charges against him must be dismissed for two reasons: (1) those charges are premised upon the "unlawful activity" of alleged FCPA violations, and (2) the money-laundering statute does not confer extraterritorial jurisdiction over "foreign officials," like him.

Alvarado correctly asserts that the money-laundering charges he faces are premised upon the "unlawful activity" of alleged FCPA violations. However, Alvarado's argument that it necessarily follows that those charges must be dismissed is flawed. Alvarado's argument relies, in part, on the Fifth Circuit's opinion in *United States v. Castle*, 925 F.2d 831 (5th Cir. 1991), which held that "foreign officials" cannot be prosecuted for conspiring to violate the FCPA using the general conspiracy statute, 18 U.S.C. Section 371. *Id.* at 18.

Alvarado also relies on *Gebardi v. United States*, 287 U.S. 112, 123 (1932). *Gebardi* involved a Mann Act conspiracy, charged under a general conspiracy statute.[2] 287 U.S. at 118, 120. At that time, the Mann Act, 18 U.S.C. Section 398, criminalized the transportation of women across state lines "for the purpose of prostitution or debauchery, or for any other immoral purpose." *Id.* at 118. In *Gebardi*, it was the transported woman who was being prosecuted for conspiracy. Like in *Castle*, where the foreign officials were charged with conspiring to violate the FCPA under the general conspiracy statute, the woman in *Gebardi* was charged with conspiring to violate the Mann Act under a general conspiracy statute. 287 U.S. at 120. The Supreme Court reversed the woman's conviction. *Id.* at 123. It held that using the general conspiracy statute to convict the woman of conspiracy to violate the Mann Act

[2] The general conspiracy statute at that time was 18 U.S.C. Section 88, which "punish[ed] a conspiracy by two or more persons 'to commit any offense against the United States.'" *Gebardi v. United States*, 287 U.S. 112, 120 (1932). This language is similar to what is found in 18 U.S.C. Section 371—the current general conspiracy statute.

exceeded the scope of Congressional intent. *Id.* The Court explained that a substantive violation of the Mann Act necessarily required a woman to agree "to the criminal act—her transportation across a state line." *Castle*, 925 F.2d at 833 (citing *Gebardi*, 287 U.S. at 123). It noted that Congress, in enacting the Mann Act, expressly decided not to criminalize the woman's "acquiescence." *Id.* Thus, the Court held that the woman could not be convicted for conspiracy to violate the Mann Act. *Gebardi*, 287 U.S. at 123

Unlike the defendants in *Castle* and *Gebardi*, who were charged with violating the general conspiracy statute, Alvarado was not charged with conspiracy to violate the FCPA under 18 U.S.C. Section 371. Alvarado was instead charged with conspiracy to commit money laundering under 18 U.S.C. Section 1956(h).

Section 1956(h) provides that "any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h). For Alvarado, the "offense[s] the commission of which was the object of the conspiracy" were violations of the money-laundering statute, Sections 1956(a)(1)(B) and 1956(a)(2)(A). ECF No. 129 at 13, 53–54. Both sections require the government to prove that some predicate unlawful activity occurred. 18 U.S.C. §§ 1956(a)(1)(B), 1956(a)(2)(A). In Alvarado's case, the government alleged the predicate unlawful activity to be violations of the FCPA.

Although Alvarado was not charged with any FCPA violations, he argues that the money laundering charges against him—which pertain to violations of the FCPA—must be dismissed. Stated differently, because Alvarado believes that he cannot be found liable for the underlying offense of violating the FCPA, he

argues that he cannot be guilty of laundering proceeds derived from violations of the FCPA.

Alvarado's argument is flawed. It conflates "unlawful activity" and "object of the conspiracy." While Sections 1956(a)(1)(B) and 1956(a)(2)(A) require the defendant's knowledge of, or intent to promote, some predicate unlawful activity, the law does not require the defendant to commit that unlawful activity. Again, the Superseding Indictment does not allege that the "offense the commission of which was the object of the conspiracy" was a violation of the FCPA. It alleges that the "object of the conspiracy" was to violate the money-laundering statue. To be clear, the government does not assert that Alvarado violated the FCPA. And to secure a conviction, the government need not prove that Alvarado, himself, violated the FCPA. The government must instead prove that Alvarado conspired to violate the money laundering statue. The money laundering statute, in turn, requires a violation of the FCPA by a co-conspirator. There is no dispute that some of the alleged co-conspirators in the broader scheme may be held liable for violation of the FCPA.

In a related argument, Alvarado asserts the court lacks jurisdiction over him. ECF No. 620 at 17. He argues, incorrectly, that "extraterritorial jurisdiction does not exist independently under the money-laundering statute. It only exists if there is a viable specified unlawful activity to support the money laundering counts." ECF No. 620 at 18 n.3. Therefore, he argues, Judge Hoyt misapplied the *Rafoi* decision to foreclose his argument regarding lack of jurisdiction.

That argument also reflects Alvarado's misunderstanding of the money-laundering statute and of the difference between "unlawful activity" and the "object of the conspiracy." Alvarado is charged with money laundering and conspiracy to commit money laundering under 18 U.S.C. § 1956. Section 1956(f) provides for

"extraterritorial jurisdiction over the conduct prohibited by this section." In *Rafoi*, the Fifth Circuit held:

> The text of 18 U.S.C. § 1956 demonstrates Congress's clear and specific intent for the statute to apply extraterritorially in a case like this, where a foreign citizen engages in money-laundering activity in part in the United States. There is no physical presence requirement.

60 F.4th at 998. The money-laundering statute's extraterritorial provision is satisfied so long as the indictment sufficiently alleges that the defendant engaged in conduct that occurred, in part, in the district in which the case is charged. *Id.* at 999.

The Superseding Indictment alleges that "in the Southern District of Texas and elsewhere," Alvarado violated Section 1956. ECF No. 129 ¶ 49. It alleges that Alvarado acted in furtherance of the scheme, including by authorizing bribe payments from PDVSA, funneling bribe payments through a Swiss bank account that he controlled, and providing false justifications for the payments. *Id.* ¶¶ 64, 74, 79, 100. The Superseding Indictment also alleges that two of the co-conspirators paid Alvarado and others "using a variety of bank accounts in the United States (including in the Southern District of Texas) . . . ." *Id.* ¶ 84. Alvarado is alleged to have charged items, including cases of lobster and steak, bottles of wine, and bottles of Scotch, to a domestic company. *Id.* ¶¶ 31, 136.

Those allegations satisfy the money-laundering statute's provision for extraterritorial jurisdiction. *See Rafoi* at 999 (holding that similar allegations against Alvarado's co-defendants were sufficient to satisfy charges under Section 1956(f)). As the Fifth Circuit explained in *Rafoi*,

> Whether there is proof that Defendants did, in fact, engage in conduct that took place in part in the United States is surely a fair subject for a trial defense. But

> for now, the allegations that Defendants engaged in conduct that occurred in part in the Southern District of Texas satisfy the money-laundering statute's extraterritorial provision.

*Id.* at 999. The same is true here. The extraterritorial jurisdiction provision is satisfied as to Alvarado.

### *B. Principles of International Comity*

Alvarado also argues that principles of international comity warrant dismissal of the charges against him. ECF No. 620 at 39–58. Essentially, he argues that because Spain is also investigating Alvarado's alleged conduct related to the bribery scheme, the court should dismiss his charges. He asserts, without support, that "[a] foreign country's sovereign interest in enforcing its own criminal laws constitutes an even more exceptional circumstance" than those considered in the context of federal-state abstention. *Id.* at 30. He argues that the federal government's deference to the sovereign rights of the fifty states is analogous to its deference to the sovereign rights of foreign nations. *Id.* at 31. Alvarado argues that the court should extend to his case the holdings of a variety of abstention cases, including *Younger v. Harris*, 401 U.S. 37 (1971) (applying the principles of comity and federalism in holding that federal courts should refrain from considering constitutional issues raised during the pendency of pre-existing state criminal proceedings), and *Pasquantino v. United States*, 544 U.S. 349 (2005) (discussing suits that are traditionally barred by the revenue rule, such as suits that seek to recover a foreign tax liability).

Alvardo's arguments amount to little more than policy rationales. They are not persuasive, they are not new, and they are not substantial reasons for reconsideration.

For those reasons, the court recommends that Alvarado's Motion for Reconsideration be **DENIED**.

#### 5. *Alvarado's requests for certification for interlocutory appeal should be denied.*

Alvarado requests certification for interlocutory appeal, under 28 U.S.C. Section 1292(b), should the court refuse to grant his Motion for Reconsideration. ECF No. 620 at 35–39, 60–61. Section 1292(b), however, "pertains only to civil actions." *United States v. Lowe*, 433 F.2d 349, 349 (5th Cir. 1970). The Fifth Circuit has held that there is "no provision, statutory or otherwise, authorizing an interlocutory appeal in a criminal case by means of a district court's 'certification' of a question of law[.]" *United States v. Doucet*, 461 F.2d 1095, 1096 (5th Cir. 1972). Accordingly, the court cannot certify the questions presented by Alvarado for immediate appellate review.

The collateral order doctrine is a "narrow exception" to the final judgment rule under 28 U.S.C. Section 1291. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989). The "doctrine allows appeals from a small class of orders." *United States v. Valencia*, 940 F.3d 181, 182 (5th Cir. 2019). To fall within that small class of orders, "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Midland Asphalt*, 489 U.S. at 799 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)) (citation modified).

"The collateral order doctrine is rarely applied in criminal cases, and it is interpreted with the utmost strictness." *United States v. Valencia*, 940 F.3d 181, 182 (5th Cir. 2019) (citation modified). In criminal cases, the doctrine has been applied to allow immediate appeal only of "denials of only three types of motions"—"motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause." *Id.* at 183 (citing *Midland Asphalt*, 489 U.S. at 799).

Denial of Alvarado's motion to dismiss the indictment does not meet the elements of the collateral order doctrine or fall into the categories of criminal motions that are listed in *Valencia*. It is not immediately appealable under the collateral order doctrine.

The court recommends that Alvarado's Motion for Certification of Interlocutory Appeal be **DENIED**.

***6. Conclusion***

Defendant Alvarado-Ochoa's Supplement to Motion to Dismiss and Request for Order Directing Government to Respond, ECF No. 371, is **DENIED as moot**. Defendant Nervis Gerardo Villalobos-Cardenas's Motion for Reconsideration, ECF No. 582, is **DENIED**. The court recommends that Defendant Javier Alvarado-Ochoa's Motion for Reconsideration and, in the alternative, for Certification of Interlocutory Appeal, ECF No. 620, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 20, 2026.

Peter Bray
United States Magistrate Judge